**UNITED STATES v. GODWIN.**

Cr. No. 4017.

United States District Court
W. D. Arkansas, Texarkana Division.

May 9, 1951.

Sherman Albert Godwin, pro se.

LEMLEY, Chief Judge.

Sherman Albert Godwin, the defendant in this case, has tendered to the Clerk for filing a motion to vacate and set aside the judgment and sentence of this Court rendered on May 10, 1950, under the terms of which the defendant was sentenced to the penitentiary for a year and a day following his conviction of having violated the provisions of 18 U.S.C.A. § 751, by escaping from the Miller County Jail in Texarkana, Arkansas, where he was being held as a federal prisoner to await removal to the Northern District of Florida to stand trial upon an indictment returned in that district charging him with a violation of the Dyer Act. 18 U.S.C.A. old edition, § 408.[1] The judgment of this Court provided that his sentence should begin to run upon the expiration of a sentence that he was then serving, which had been imposed upon him in the El Dorado Division of this Court by the Honorable John E. Miller, United States District Judge, after he had been convicted there of another violation of the Dyer Act. Along with his motion, which he desires to file pursuant to 28 U.S.C.A. § 2255, the defendant asks us to consider as a part thereof a letter, dated April 22, 1951, addressed to the Clerk of this Court.

This is not the first time that the defendant has complained of our judgment and sentence. Our file reflects an almost continuous stream of complaints from him almost from the time of his conviction in this Court down to the present time. We have found in each instance that his contentions were without merit and have denied him the relief which he has sought at various times. One of his letters, dated January 29, 1951, was treated by us as a motion to vacate and set aside his sentence, filed pursuant to the provisions of Section 2255, and we similarly treated a pleading filed by him on March 10, 1951 and denominated a "complaint". In connection with both of these documents, we found that they, together with the files, papers, and records in the case, conclusively showed that the defendant was not entitled to any relief, and we denied said motions without hearing as we were authorized to do under the statute above referred to. Along with our order denying the defendant's prayer set forth in his "complaint" of March 10, we filed a written memorandum setting forth in detail the history of the case, our reasons for denying him any relief, and the authorities upon which we relied.

The defendant did not appeal from our order denying the prayer set forth in his letter of January 29 or from our order denying a similar prayer contained in his "Complaint" filed on March 10.

In his present motion, the defendant makes certain general allegations in what may be an effort to raise again certain contentions made by him in the past which we have heretofore resolved adversely to him, and which do not merit further discussion, and, in addition, he contends that the sentence imposed upon was excessive, and that he was sentenced for a felony whereas at most he was guilty of a misdemeanor. In this connection, he insists that at the time that he escaped from jail he was being held "for extradition", and that under the terms of 18 U.S.C.A. § 751, one who escapes from jail while being so held

[1]. After his conviction, the defendant filed a motion in arrest of judgment, which we overruled. He then appealed from our order overruling said motion, and we were affirmed. Godwin v. U. S., 8 Cir., 185 F.2d 411.

is guilty of a misdemeanor rather than of a felony.

Section 751 of Title 18 U.S.C.A., insofar as pertinent here, is as follows: "Whoever escapes * * * from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, * * * shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is *for extradition* or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both." (Emphasis supplied.)

Under the terms of Section 1 of Title 18 U.S.C.A., a felony is defined as being any offense punishable by death or by imprisonment for more than one year; the maximum imprisonment that can be imposed for a violation of the Dyer Act has always been five years, 18 U.S.C.A. old edition, § 408, and 18 U.S.C.A. new edition, § 2312, and therefore a violation of that Act is a felony.

The defendant insists, however, that the fact that he was being held for removal to the Northern District of Florida for trial upon an indictment charging him with violating the Dyer Act renders applicable that portion of the Escape Act, supra, which makes a person who escapes from custody while being held "for extradition" guilty of a misdemeanor rather than a felony. We do not agree.

Defendant's contention that one who is being held in one federal judicial district awaiting removal to another for trial upon a federal indictment returned therein is being held "for extradition" within the meaning of the Escape Act, is a novel one and we have not found any case in point. We are satisfied, however, that when Section 751 is construed in the light of the well recognized meaning of the word "extradition" and of the settled terminology of the federal criminal law, the word "extradition", as therein used, refers to the extradition of a defendant from the United States to a foreign country and not to the removal of a defendant from one judicial district to another for trial. In this connection, it is noted that the procedure governing the extradition of a defendant from this country to a foreign land is set up in an entirely different statute from that which governs removals from one district to another; the former is governed by 18 U.S.C.A. § 3181 et seq., whereas the latter is now governed by Rule 40 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and prior to the adoption of the Rules was governed by 18 U.S.C.A. § 591. Prior to the 1948 revision of Title 18, the Federal Extradition Act was included in Section 651 et seq. of that Title.

The classic definition of "extradition" is found in the decision of the Supreme Court in Terlinden v. Ames, 184 U.S. 270, 289, 22 S.Ct. 484, 492, 46 L.Ed. 534, where it was said: "Extradition may be sufficiently defined to be the surrender by one nation [or state] to another of an individual accused or convicted of an offense outside of its own territory, and within the territorial jurisdiction of the other, which, being competent to try and to punish him, demands the surrender." This definition was also used by the Supreme Court of Arizona in Waller v. Jordan, 58 Ariz. 169, 118 P.2d 450, 451, 143 A.L.R. 1349; and in the case of Fong Yue Ting v. U. S., 149 U.S. 698, 13 S.Ct. 1016, 1020, 37 L.Ed. 905, the Court stated that extradition is the "surrender to another country of one accused of an offense against its laws, there to be tried, and, if found guilty, punished." See also 15A, Words & Phrases, page 665. In 22 Am.Jur., "Extradition," Section 1, page 243, it is said that there are two kinds of extradition, international and interstate; the one refers to extradition between nations, while the other refers to extradition from one of the States of the Union to another of such States. It is worth noting that in the same section of American Jurisprudence the editors specifically exclude from the scope of the chapter on extradition any discussion of the removal of a federal prisoner from one judicial district for trial, and state that that subject is reserved for

discussion in another and "more appropriate" chapter.

 From the definitions which have been mentioned it is clear that "extradition" involves a demand by one sovereign upon another sovereign for the surrender of a fugitive for trial and the surrender of such person to the demanding sovereign. This concept applies, of course, to a demand by one nation upon another for the surrender of a fugitive, and it is likewise applicable to a demand by one of the United States upon another for the return of a fugitive because under the constitution the several States of the Union are, as between themselves, generally speaking, separate and distinct sovereigns. It is not, however, applicable to the removal of a defendant from one federal judicial district to another for trial, for an offense against the laws of the United States because the several judicial districts of the United States are not foreign to each other, nor are they in any respect sovereign, but are simply convenient subdivisions of the country for the conduct of the judicial business of one sovereign, the United States.

We are of the opinion, therefore, that one who is held in federal custody to await removal to another federal district for trial is not being held "for extradition" within the meaning of 18 U.S.C.A. § 751, but is in fact being held upon the charge for which he is ultimately to be tried, and if that charge be a felony, as it was in the instant case, then an escape from such custody is itself a felony under Section 751.

The correctness of our interpretation is, we believe, demonstrated when we consider that if the defendant is correct in his contention, his escape from the Miller County Jail while awaiting removal to Florida was but a misdemeanor, whereas if he had waited until he had reached Florida, and had then escaped from jail while there awaiting trial, he would have been guilty of a felony. Such a construction would put a premium on early escapes from jail in removal cases, and it is not felt that Congress intended any such absurd result.

We are of the opinion, therefore, that when the defendant escaped from the Miller County Jail, he committed a felony, and that our sentence was within our power to impose and was not excessive. We accordingly find in connection with the instant motion, as we have found with respect to the others filed by the defendant, that the said motion, and the files, records, and papers in the case conclusively show that the defendant is not entitled to any relief. It is not necessary under the circumstances to call upon the United States Attorney to make any formal response to the motion or to grant any hearing thereon. It will be the order of the Court that the defendant will be permitted to file his motion, together with the letter referred to, without the payment of costs, and that said motion will be denied.