986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
David GILBERT, a/k/a David Whitt, a/k/a Steve Whitt,
Defendant-Appellant.
 No. 92-5132.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 15, 1993
Decided: February 17, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles H. Haden, II, Chief District Judge. (CR-90-144-5)
 Louise G. Staton, Moler & Staton, Mullens, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Michael M. Fisher, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HAMILTON and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David Gilbert appeals the sentence imposed pursuant to his plea of guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). The corresponding sentencing guideline for this offense directs a base offense level of 34 when the amount of cocaine involved is at least fifteen but less than fifty kilograms. United States Sentencing Commission, Sentencing Guidelines, § 2D1.1(a)(3),(c)(5) (Nov. 1991). On appeal, Gilbert alleges that the district court improperly found that relevant conduct for purposes of determining his base offense level involved at least fifteen kilograms of cocaine. Finding this argument to be without merit, we affirm the sentence imposed.
 
 
 2
 Although Gilbert pled guilty to only one count, he was charged in a four-count superseding indictment with four offenses, including conspiracy to distribute cocaine over almost a four-year period. An alleged co-conspirator, Leonard Honaker, testified at Gilbert's sentencing about his dealings with Gilbert during this period.
 
 
 3
 According to Honaker, he and Gilbert were involved in the distribution of well in excess of fifteen kilograms of cocaine. For instance, he testified that beginning in 1985, they began distributing cocaine, reaching the point where they distributed one kilogram of cocaine during each week of a four-month period. Further, Honaker said that between the fall of 1986 and March 1990, he and Gilbert distributed at least five more kilograms of cocaine. Gilbert, who also testified at sentencing, claimed that he was not a drug dealer, but instead merely used insignificant quantities of cocaine over the four-year period.
 
 
 4
 If the parties differ regarding the amount of drugs involved, the government has the burden of showing the amount by a preponderance of evidence. United States v. Powell, 886 F.2d 81, 85 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). The district court's factual findings as to the amount of drugs involved in an offense are reviewed for clear error. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). The district court may estimate the total quantity of drugs when the amount seized does not reflect the true scale of the offense. See U.S.S.G. § 2D1.1, comment. (n.12); U.S.S.G. § 2D1.4, comment. (n.2). In this context, the findings of the district court as to the credibility of witnesses are entitled to "due regard." United States v. Sheffer, 896 F.2d 842, 844 (4th Cir.) (quoting 18 U.S.C.A. § 3742(d) (West 1985 & Supp. 1991), cert. denied, 59 U.S.L.W. 3362 (U.S. 1990).
 
 
 5
 After hearing the testimony of Honaker, Gilbert, and several other witnesses, the district court made a credibility determination against Gilbert. Despite Gilbert's argument that Honaker was an unreliable witness who gave uncertain testimony, we see no reason to disturb the district court's decision to credit Honaker's testimony over that of Gilbert. Portions of Honaker's testimony were corroborated by other witnesses, Gilbert had a history of using aliases, he lied to a police officer when he was arrested on drug charges in November 1989, and he contradicted himself on several occasions at the sentencing proceeding.
 
 
 6
 Giving "due regard" to the district court's credibility determination, we find that the district court did not clearly err in finding that testimony at sentencing supported a finding that at least fifteen kilograms of cocaine constituted relevant conduct. As previously stated, Honaker's testimony, which the district court found believable, was that over fifteen kilograms of cocaine were distributed by Gilbert and Honaker between 1985 and 1989.
 
 
 7
 Further, the court did not err in considering drug dealing over the entire scope of Gilbert's relationship with Honaker. Gilbert claimed that the drugs in his possession at the time of his arrest were not connected to Honaker. As a result, Honaker's testimony about their drug dealing was not relevant conduct for sentencing purposes. Under the Guidelines, actions which are part of the same "course of conduct" or a "common scheme or plan" may be considered at sentencing even if those actions were not included in the indictment or conviction. U.S.S.G. § 1B1.3(a)(2); United States v. McNatt, 931 F.2d 251, 258 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3478 (U.S. 1992); United States v. Williams, 880 F.2d 804, 805-06 (4th Cir. 1989).
 
 
 8
 In determining whether conduct is relevant for § 1B1.3(a)(2) purposes, the court looks to the nature of the defendant's acts, his role, and the number and frequency of those acts, as well as the similarity, regularity, and temporal proximity between the offense of conviction and the uncharged conduct. United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir. 1992). Here, the offense of conviction, like the conduct about which Honaker testified, was possession of cocaine with intent to distribute. The offense of conviction was committed during Gilbert's relationship with Honaker and occurred within the geographic area of some of Gilbert's dealings with Honaker. These facts, considered together, are sufficient to establish a course of conduct encompassing the offense of conviction and the related conduct detailed by Honaker. Consequently, the district court correctly determined that Gilbert's dealings with Honaker constituted relevant conduct for sentencing purposes.
 
 
 9
 Nor is there any infirmity in the sentence imposed because the district court found "at least" fifteen kilograms of cocaine attributable to Gilbert rather than identifying the specific amount of cocaine the court found attributable to Gilbert. The Guidelines permit such an estimate, U.S.S.G. § 2D1.1, comment. (n.12). Further, under Fed. R. Crim. P. 32(c)(3)(D), the district court made a sufficient finding with respect to the quantity of drugs involved. See United States v. Perrera, 842 F.2d 73, 76 (4th Cir.), cert. denied, 474 U.S. 923 (1988).
 
 
 10
 As our review of the record and other materials before us reveals that oral argument would not significantly aid the decisional process, we dispense with argument.
 
 AFFIRMED