David **GILBERT**, Movant,

v.

**UNITED STATES** of America, Respondent.

Nos. Civ.A. 5:97–0422, Crim.5:90–00144.

United States District Court, S.D. West Virginia, Beckley Division.

April 20, 1999.

David Gilbert, FCI Ashland, Ashland, KY, pro se.

Michael Keller, Assistant U.S. Attorney, Charleston, WV, for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Movant's motion to void his plea agreement with the government. The Court **DENIES** the motion and summarily dismisses this action pursuant to *Rule* 4(b),

*Rules Governing Section 2255 Proceedings for the United States District Courts.*[1]

The basis for Movant's request is contained in paragraphs 4 and 5 of his motion:

4. The plea agreement *required* the government to debrief the movant so as to determine whether cooperation of the movant would be helpful.

5. The government failed to debrief the movant and thus breached the plea agreement. The movant has been prejudiced in that he may have been able to provide assistance that could have reduced his sentence had the government properly followed the agreement.

Movant's motion at ¶¶ 4, 5 (emphasis in original).

Movant contends the government's putative breach of the plea agreement entitles him to void the agreement pursuant to its terms. Movant's motion, however, is procedurally barred.

Movant's claim existed presumably at the time he pursued his direct appeal. The claim was not, however, raised by Gilbert at that time according to the Court of Appeals' unpublished opinion. *See United States v. Gilbert,* No. 92–5132, 1993 WL 39072 (4th Cir. Feb.17, 1993). To the extent Gilbert's claim is of a non-constitutional magnitude, his default results in a conclusive waiver. *See Stone v. Powell,* 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *United States v. Emanuel,* 869 F.2d 795, 796 (4th Cir.1989).

He has likewise waived any viable constitutional claim, because he fails to demonstrate cause for, and prejudice from, his failure to raise the claim earlier. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Metzger,* 3 F.3d 756, 757 (4th Cir.1993).[2]

Given the insurmountable procedural obstacles, Movant's claim plainly appears on its face to be both palpably incredible and patently frivolous. Accordingly, Movant's motion is **DENIED.**

The Clerk is directed to send a copy of this memorandum Opinion and Order to counsel of record and the Movant.

1. Rule 4(b) provides as follows:

   **Initial consideration by judge.** The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

   *Id.; Ray v. United States,* 609 F.Supp. 302, 304 (S.D.W.Va.1985).

2. For simplicity sake, the Court references merely one of several potential procedural bars to Movant's claim. By example, his claim is also successive, as he raised precisely the same claim in a prior section 2255 motion. This Court adopted the Magistrate Judge's recommendation dismissing that claim, and the Court of Appeals summarily affirmed this Court's Judgment Order.