### GODWIN v. UNITED STATES.
No. 14396.

United States Court of Appeals Eighth Circuit.

Oct. 31, 1951.

Rehearing Denied Nov. 14, 1951.

Bert B. Larey, Texarkana, Ark., for appellant.

R. S. Wilson, U. S. Atty., and Charles A. Beasley, Jr. and Hugh M. Bland, Asst. U. S. Attys., Fort Smith, Ark., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

PER CURIAM.

Sherman Albert Godwin was sentenced to a term of imprisonment for a year and a day upon a verdict of a jury which found him guilty of having escaped from the Miller County, Arkansas, jail. His motion in arrest of judgment was overruled and he appealed to this court. The order denying the motion was affirmed. In its opinion this court said: "At the time of his escape, the defendant [Godwin] was a federal prisoner in custody by virtue of process issued under the laws of the United States within the meaning of Sec. 751, Title 18 U.S.C.A." 185 F.2d 411, 413.

The present appeal is from an order of the District Court in which Godwin was convicted, denying his motion pursuant to Sec. 2255, Title 28 U.S.C., to vacate the judgment of conviction. In the District Court Godwin contended that the court was without jurisdiction to impose the sentence which he received and that the sentence was in excess of the maximum authorized by law. His contention was that at the time of his escape he was being held for extradition, and that under Sec. 751, Title 18 U.S.C., he was guilty of a misdemeanor and not of a felony of which he was convicted. The District Court found that the motion and the files and records of the case conclusively showed that appellant was entitled to no relief. The motion was denied without a hearing.

Sec. 751 of Title 18 U.S.C., for the violation of which Godwin was convicted, so far as material here, provides: "Whoever escapes . * * * from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner * * * shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both."

The record conclusively shows that appellant was indicted in the District Court of the United States for the Northern District of Florida for violation of the Motor Vehicles Theft Act, Sec. 408 [now Secs. 2311–2313], Title 18 U.S.C. At the time of his escape he was in Federal custody in the Miller County, Arkansas, jail, awaiting removal for trial on the indictment pending in the District Court for the Northern District of Florida which charged him with a felony. He was held in Texarkana pending his removal under Rule 40 of the Rules of Criminal Procedure, 18 U.S.C. He was not being held for extradition within the meaning of Sec. 751. He was, as the District Court ruled, being held upon the charge for which he was to be tried in Florida and his escape was a felony. Appellant's contention that the sentence im-

posed upon him was excessive and beyond the jurisdiction of the court is wholly without merit. See the opinion of the District Court, 97 F.Supp. 252.

█ Appellant also assigns as error the failure of the District Court to state findings of fact and conclusions of law. The opinion of the District Court contains a full and complete statement of the facts and law involved in the case. And in this case the motion, files, and records conclusively showing that the motion was without merit, the District Court was not required to grant a hearing and to make separate findings of fact and conclusions of law. Michener v. United States, 8 Cir., 177 F.2d 422, 424; Morneau v. United States, 8 Cir., 181 F.2d 642, 643; United States v. Fleenor, 7 Cir., 177 F.2d 482.

The order denying the motion to vacate the judgment was correct and is affirmed.