Norbert DERENGOWSKI, Appellant,

v.

The U. S. MARSHAL, MINNEAPOLIS OFFICE, MINNESOTA DIVISION, and the State of Illinois, Appellees.

No. 18600.

United States Court of Appeals
Eighth Circuit.

May 22, 1967.

Norbert Derengowski, pro se.

Patrick J. Foley, U. S. Atty., Minneapolis, Minn., and William G. Clark, Atty. Gen., Chicago, Ill., for appellee.

Before VOGEL, Chief Judge, and GIBSON and HEANEY, Circuit Judges.

VOGEL, Chief Judge.

Appellant, Norbert Derengowski, appeals from the denial by the District Court of his motion under § 2255, 28 U.S.C.A.

On December 28, 1964, appellant was sentenced in the Circuit Court of Rock Island County, Illinois, to a term of five to twenty-five years for the crime of armed robbery and after diagnostic processing he was ultimately transferred on January 22, 1965, to the Illinois State Penitentiary, Stateville Branch, Joliet, Illinois.

On June 10, 1966, in compliance with a writ of habeas corpus ad prosequendum, appellant was released temporarily from the custody of the warden of the Illinois State Penitentiary into the custody of the United States Marshal for Minnesota for purposes of arraignment and further proceedings in the United States District Court for the District of Minnesota. The writ provided that upon the conclusion of such proceedings appellant was to be returned to the Illinois State Penitentiary.

On September 16, 1966, at the conclusion of the Minnesota proceedings, appellant filed a motion under 28 U.S.C.A. § 2255, claiming primarily that (1) his removal to Minnesota on a writ of habeas corpus ad prosequendum violated his constitutional rights and (2) Illinois' relinquishment of custody over appellant in compliance with the writ of habeas corpus ad prosequendum constituted a complete release by Illinois of all jurisdiction over appellant. Appellant's contentions are without merit.

It is a well-established legal rule that a state prisoner is *without standing* to contest a federal court's issuance of a writ of habeas corpus ad prosequendum. See, Barrett v. United States,

8 Cir., 1959, 270 F.2d 772, 776 (removal of prisoner from a state institution to federal court for trial); United States ex rel. Moses v. Kipp, 7 Cir., 1956, 232 F.2d 147, 150 (return of prisoner to state authorities directly after trial in federal court); Stamphill v. Johnston, 9 Cir., 1943, 136 F.2d 291, 292, certiorari denied, 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457 (incarceration of prisoner in a federal penitentiary to serve federal sentence before return to state authorities). The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner. As Mr. Chief Justice Taft originally stated in Ponzi v. Fessenden, 1922, 258 U.S. 254, at page 260, 42 S.Ct. 309, at page 310, 66 L.Ed. 607:

> "One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, (D.C.) 236 F. 300; United States v. Marrin, (D. C.) 227 F. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it."

This principle has since been specifically recognized as the reason why a prisoner has no standing to attack the issuance and operation of the writ of habeas corpus ad prosequendum. See, United States ex rel. Moses v. Kipp, supra; Stamphill v. Johnston, supra; Yodock v. United States, D. C.Pa., 1951, 101 F.Supp. 480, 481, affirmed 3 Cir., 1952, 196 F.2d 1018. See, also, Annotation, Writ of Habeas Corpus Ad Prosequendum in Federal Courts, 5 L. Ed.2d 964, 969.

■■ Appellant herein therefore has no standing to contest either his original removal from Illinois for arraignment in Minnesota or his return to the Illinois State Penitentiary after the completion of such proceedings, as provided for in the writ of habeas corpus ad prosequendum. Further, the Supreme Court, upon a considered review of the history and operation of the writ of habeas corpus ad prosequendum, recognized that a Federal District Court has the power and jurisdiction to issue the writ to bring an out-of-state prisoner before the court for federal proceedings. Carbo v. United States, 1961, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed. 2d 329. This is the precise situation presented in the instant case.

Affirmed.