**Junior Douglas STEVENSON and Elbert Nero, also known as Albert Nero, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 21476.**

United States Court of Appeals
Ninth Circuit.

Aug. 1, 1967.

Ralph E. Seefeldt, Tucson, Ariz., for appellants.

Richard C. Gormley, U. S. Atty., JoAnn D. Diamos, Morton Sitver, Asst. U. S. Attys., Tucson, Ariz., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and HAMLEY and KOELSCH, Circuit Judges.

MADDEN, Judge:

The appellants were arrested in Sonoita in the State of Sonora, Mexico, by the local Chief of Police, who became suspicious when he found them attempting to sell two tires from a new 1966 Ford Thunderbird automobile which they were driving. The appellants were unable to produce any title papers for the auto. The Chief of Police notified the Mexican Chief of Immigration in Sonoita, who wrote a letter about the appellants to American immigration authorities. At the same time Mexican authorities telephoned the Chief of Police in Ajo, in the County of Pima, Arizona, which county lies on the Mexican-American border, the Mexican state of Sonora being on the opposite side of the border. The Ajo authorities informed the Sonoita authorities that two 1966 Ford Thunderbirds had been reported stolen in Arizona, and that the description of one of them corresponded with the description of the Ford driven by the appellants.

The appellants were transferred by the Sonoita police to Mexican immigration authorities, who transported them to the border, where they were delivered to sheriff's deputies from Maricopa County, Arizona, at the Lukeville, Arizona, port of entry. They were taken by the deputies to Phoenix, Arizona, where warrants for their arrest for auto theft had been obtained. After two preliminary hearings on the state charges of auto theft had been held, those charges were dropped and the appellants were turned over to federal authorities.

The appellants were prosecuted by the federal government on charges of violation of Title 18, United States Code, Section 2312, which makes it a federal crime to transport a stolen motor vehicle in foreign commerce. They were tried, in a jury trial, and were convicted. The instant appeal is from that conviction.

At the beginning of their trial the appellants challenged the court's personal jurisdiction over them, and moved to dismiss the proceeding on the grounds that their surrender to United States authorities by the Mexican authorities who had apprehended them in Mexico was an extradition proceeding and that it failed to comply with the provisions of the Extradition Treaty between Mexico and the United States, 31 Stat. 1818, 1822 (1899). The court denied the motion to dismiss on the grounds (1) that there was no showing that the surrender of appellants to the United States authorities violated any applicable laws, including the Extradition Treaty, and (2) that in any case the appellants' motion to dismiss had not been timely made. The appellants appeal from the ruling of the district court.

■ We have narrated above the actions of the Mexican and American authorities leading up to the indictment of the appellants by the United States. The appellants assert that the proceedings failed in several respects to comply with the provisions of the treaty cited above. They say that because of these failures of compliance the United States district court never acquired personal jurisdiction in their case. We do not find it necessary to consider the asserted specific violations of the treaty because we find that extradition, as contemplated by the treaty, was not involved in this case

and that the treaty is, therefore, irrelevant.

 In Terlinden v. Ames, 184 U.S. 270, 289, 22 S.Ct. 484, 491 46 L.Ed. 534 (1902), the Supreme Court said:

Extradition may be sufficiently defined to be the surrender by one nation to another of an individual accused or convicted of an offense outside of its own territory, and within the territorial jurisdiction of the other, which, being competent to try and to punish him, *demands his surrender.* (Emphasis added.)

 While the formalities of extradition may be waived by the parties to the treaty, Gluckman v. Henkel, 221 U.S. 508, 31 S.Ct. 704, 55 L.Ed 830 (1910), a demand in some form by the one country upon the other is required, in order to distinguish extradition from the unilateral act of one country, for its own purposes, deporting or otherwise unilaterally removing unwelcome aliens. See Fong Yue Ting v. United States, 149 U.S. 698, 709, 13 S.Ct. 1016, 37 L.Ed. 905 (1893).

In the instant case the evidence shows that the removal of the appellants from Mexico was not initiated by the United States. At the hearing in the district court on the appellants' motion to dismiss, the Sonoita Chief of Police who had arrested the appellants in Mexico testified that to his knowledge no demand for extradition was ever made by the United States; that the appellants were deported by Mexican immigration authorities as undesirable aliens found in Mexico under suspicious circumstances; that it is the Mexican practice to refuse, in such circumstances, to permit aliens to remain in Mexico; that regardless of any interest of the United States in the appellants, they would have been returned to the Mexican-American border. The evidence showed that it was the Mexican authorities who first contacted American officials with regard to the appellants.

 As an alternative ground for its denial of the appellants' motion to dismiss, the district court held that the motion was not timely made. The appellants were indicted on July 15, 1966. On July 18 they appeared in court with appointed counsel and entered pleas of not guilty. The court entered an order on that date giving them five days within which to direct motions to the indictment. Their motion to dismiss, now the subject of their appeal, was not made until the day of trial, September 7, 1966. It was not timely. Ford v. United States, 273 U.S. 593, 606, 47 S.Ct. 531, 71 L.Ed. 793 (1926). See Ramsey v. United States, 248 F.2d 532 (CA 9, 1957).

The judgment is affirmed.