**Norbert DERENGOWSKI, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19220.**

United States Court of Appeals
Eighth Circuit.

Dec. 24, 1968.

John M. James, of Cloutier, Gallagher, White & James, Minneapolis, Minn., for appellant and filed brief. Norbert Derengowski filed reply brief pro se.

Floyd E. Boline, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Patrick J. Foley, U. S. Atty., was on the brief with Floyd E. Boline, Minneapolis, Minn.

Before VOGEL, LAY and BRIGHT, Circuit Judges.

VOGEL, Circuit Judge.

Appellant-defendant, Norbert Derengowski, appeals from his judgment of conviction of attempted escape, in violation of 18 U.S.C.A. § 751. The basis of

defendant's complaint is excessiveness of his five-year sentence. We affirm.

On December 28, 1964, defendant was sentenced in the Circuit Court of Rock Island County, Illinois, to a term of 5 to 25 years for the crime of armed robbery, a felony. He was confined in the Illinois State Penitentiary, Stateville Branch, Joliet, Illinois, in custody of the warden thereof.

On February 3, 1966, defendant was indicted on felony charges in the United States District Court for the District of Minnesota, for violation of 18 U.S.C.A. § 2115 (breaking and entering a post office), § 1361 (injuring government property with a value in excess of $100) and § 371 (conspiracy). On June 6, 1966, the United States District Court for the District of Minnesota issued a writ of habeas corpus ad prosequendum directing the warden of the Illinois State Penitentiary to release the defendant to the custody of the United States Marshal for the District of Minnesota for purposes of arraignment and other proceedings pursuant to such indictment. The writ carried the usual provisions that at the conclusion of the proceedings defendant was to be returned "to the custody from which he came under safe and secure conduct in accordance with law." On June 10, 1966, the writ and a warrant for defendant's arrest were executed at the Illinois State Penitentiary. Defendant was then transported to Minnesota and incarcerated in the Hennepin County Jail, Minneapolis, Minnesota.

On September 12, 1966, the federal indictment against defendant was dismissed. Promptly thereafter on September 16, 1966, defendant filed a motion under 28 U.S.C.A. § 2255, claiming primarily that (1) his removal to Minnesota on a writ of habeas corpus ad prosequendum violated his constitutional rights and (2) Illinois' relinquishment of custody over him in compliance with the writ constituted a complete release by Illinois of all jurisdiction. The District Court dismissed defendant's § 2255 motion and this court affirmed, holding that his contentions were without merit and that a state prisoner is without standing to contest a federal court's issuance of a writ of habeas corpus ad prosequendum. Derengowski v. U. S. Marshal, Minneapolis Office, Minn. Div., 8 Cir., 1967, 377 F.2d 223, cert. denied, 1967, 389 U.S. 884, 88 S.Ct. 144, 19 L.Ed. 2d 180.

While defendant's appeal to this court from the denial of his § 2255 motion was pending, the District Court, *on defendant's own motion*, stayed his return to the Illinois State Penitentiary. On January 30, 1967, with his appeal still pending, defendant attempted to escape from the Hennepin County Jail. He was seriously injured in this attempted escape. Subsequently, on November 29, 1967, defendant was convicted by the United States District Court for the District of Minnesota of attempted escape, in violation of 18 U.S.C.A. § 751, and thereafter sentenced to the custody of the Attorney General for a period of five years. Defendant now appeals from this judgment of conviction on the ground that the five-year sentence is excessive.

The statute involved, 18 U.S.C.A. § 751, a section of the Federal Escape Act, 18 U.S.C.A. §§ 751, 752, 1072, 1791, provides in pertinent part:

"(a) Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or *from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner,* or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, *if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense,* be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for

a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both." (Emphasis supplied.)

Initially, we note that defendant was convicted of attempted escape from confinement "in the custody of the United States of America under and by virtue of a Writ of Habeas Corpus." Defendant properly concedes that the writ of habeas corpus ad prosequendum issued by the District Court is a civil "process issued under the laws of the United States". See, Carbo v. United States, 1961, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329; 28 U.S.C.A. § 2241(c) (5); cf., Godwin v. United States, 8 Cir., 1951, 191 F.2d 932; Tucker v. United States, 9 Cir., 1958, 251 F.2d 794. Because defendant's attempted escape is thus manifestly proscribed by § 751, the question for determination is what penalty, if any, may properly be imposed.

Defendant contends that the nature of his custody at the time of his arrest was such that only the misdemeanor penalty provision of § 751 (i. e. "fined not more than $1,000 or imprisoned not more than one year, or both") is applicable.

■■■ Defendant's custody was clearly not pursuant to "an arrest or charge of or for a misdemeanor, and prior to conviction" within the misdemeanor section of § 751 and he does not so contend. The only other custodial category within the lesser penalty provision of § 751 is custody for the purpose of "extradition". Defendant contends that custody pursuant to writ of habeas corpus ad prosequendum is analogous to extradition and that the statute should be strictly construed against the government to so read. We are not persuaded. The maxim of strict construction may not be utilized to defeat the clear intent of a statute, nor to encompass within its meaning something obviously omitted from its terms. United States v. Standard Oil Co., 1966, 384 U.S. 224, 225, 86 S.Ct. 1427, 16 L.Ed.2d 492; United States v. Brown, 1948, 333 U.S. 18, 25–26, 68 S.Ct. 376, 92 L.Ed.

442. The statute here says "extradition" —nothing more. In Terlinden v. Ames, 1902, 184 U.S. 270, the Supreme Court stated at page 289, 22 S.Ct. 484, at page 492, 46 L.Ed. 534:

"Extradition may be sufficiently defined to be the surrender by one nation to another of an individual accused or convicted of an offense outside of its own territory, and within the territorial jurisdiction of the other, which, being competent to try and to punish him, demands his surrender."

In Godwin v. United States, supra, this court, in dealing with appellant's escape while in federal custody pending removal for trial under Rule 40, Federal Rules of Civil Procedure, 28 U.S.C.A., stated, 191 F.2d at 933, that "He was not being held for extradition within the meaning of Sec. 751." See, also, Tucker v. United States, supra (escape after removal from Alcatraz Penitentiary by United States District Court pursuant to a writ of habeas corpus ad testificandum, the validity of which was not questioned on appeal); United States v. Godwin, supra, 1951, W.D.Ark., 97 F.Supp. 252, 254, aff'd, 8 Cir., 1951, 191 F.2d 932; Stevenson v. United States, 9 Cir., 1967, 381 F.2d 142, 143–144; 31 Am.Jur.2d Extradition, § 1, at 924–925. Extradition is expressly governed by the Constitution, Article IV, Section 2, Clause 2, and statutes enacted thereunder, 18 U.S.C.A. § 3181 et seq., and does not apply to the process of removal of a prisoner from state jurisdiction to federal jurisdiction or his return after the purpose of his presence has been served.

■■ Additional distinction between extradition and the writ of habeas corpus ad prosequendum is that the defendant could contest an attempt to extradite him from one nation or state to another but is without standing to attack his being taken from the custody of the State of Illinois or his return thereto pursuant to the terms of the writ. Derengowski v. U. S. Marshal, Minneapolis Office, Minn. Div., supra, 8 Cir., 1967, 377 F.2d 223,

cert. denied, 1967, 389 U.S. 884, 88 S.Ct. 144, 19 L.Ed.2d 180.

With regard to the felony penalty provisions of § 751, defendant contends that his confinement was not "by virtue of an arrest on a charge of felony", because the felony indictment by the United States had been dismissed prior to the attempted escape, and that his confinement was not "by virtue of his conviction of any offense", because that offense must be a federal offense. If defendant's contentions were accepted, there would be no penalty for his attempted escape even though such act would be in violation of § 751.

█ There was no federal statute proscribing escape from federal custody prior to the enactment of the Federal Escape Act in 1930, 46 Stat. 327. That Act was part of a program sponsored by the Attorney General for the reorganization and improved administration of the federal penal system and proscribed only escape or attempted escape while under sentence. The Federal Escape Act was broadened in 1935 to include escape while in custody prior to conviction. Although we recognize that the Supreme Court stated in United States v. Brown, 1948, 333 U.S. 18, 21, 68 S.Ct. 376, 378, 92 L.Ed. 442, that

" * * * The Act took its present form in 1935, when it was broadened at the Attorney General's request to cover escape while in custody *on a federal charge* prior to conviction" (emphasis supplied)

this statement is dicta based upon a letter from the Attorney General to the Senate and House Committees on the Judiciary. H.R.Rep. No. 803, 74th Cong., 1st Sess.; S.Rep. No. 1021, 74th Cong., 1st Sess. We cannot reasonably find that Congress intended "*any* offense" to mean "*federal* offense" only. Our position is supported first by the plain reading of § 751, which manifestly shows that Congress intended the statute to apply to anyone who escapes "from any custody under or by virtue of any process issued under the laws of the United States * * *". Secondly, Congress expressly manifested its intent that state criminals in federal custody were not to be exempted from those laws applicable to federal prisoners by its enactment of 18 U.S.C.A. § 5003, which authorizes the Attorney General, when federal facilities are available, to contract with state and territorial officials for the custody, care, subsistence, education, treatment and training of persons convicted of criminal offenses in the courts of such states and territories. The Act provides:

" § *5003. Custody of State Offenders*
\* \* \* \* \* \*

. " (c) Unless otherwise specifically provided in the contract [between the state or territory and the United States], a person committed to the Attorney General hereunder shall be subject to all the provisions of law and regulations applicable to persons committed for violations of laws of the United States not inconsistent with the sentence imposed."

Because defendant's confinement at the time of his attempted escape was "by virtue of his conviction of any offense" (the Illinois felony conviction), he was properly sentenced under the felony provision of § 751.

█ Assuming, arguendo, that defendant's sentence could not be upheld on the basis of an attempted escape from custody "by virtue of his conviction of any offense", we must nevertheless affirm the District Court for another reason. Defendant was placed under arrest and brought to the District of Minnesota pursuant to a writ of habeas corpus ad prosequendum for purposes of arraignment under the federal felony indictment and, thereafter, to be returned "to the custody from which he came under safe and secure conduct in accordance with law". Despite the fact that the federal indictment had been dismissed prior to defendant's attempted escape, his custody at the time of the attempted escape continued to be "by virtue of an

arrest on a charge of felony" within the provisions of § 751 (i. e., but for defendant's arrest on the federal felony charges he would never have been in federal custody). The power of the District of Minnesota to obtain custody of the defendant from the Illinois State Penitentiary included the power and, indeed, the obligation to return him to the Illinois State Penitentiary when the purpose for which his presence was required had been served. That purpose was to answer to an indictment charging a felony. The purpose was served when the indictment was dismissed but the transaction was not complete until defendant's return to Illinois. He was still in custody because he had been charged with a felony. We believe, therefore, defendant was properly sentenced within the felony penalty provision of § 751 and his contention that he was excessively sentenced is without merit. In this regard, we note that implicit in defendant's motion to stay his return to Illinois pending the appeal of his § 2255 motion was his consent, indeed his request, to remain in federal custody. Cf., Carbo v. United States, supra, 1961, 364 U.S. 611, 622, 81 S.Ct. 338. He was not privileged to test his confinement by attempting to escape therefrom. Godwin v. United States, 8 Cir., 1950, 185 F.2d 411, 413; Aderhold v. Soileau, 5 Cir., 1933, 67 F.2d 259; Lopez v. Swope, 9 Cir., 1953, 205 F.2d 8, 11. Even if defendant could have challenged his confinement pursuant to the writ of habeas corpus ad prosequendum and his confinement had been found illegal, his attempted escape would still violate § 751. United States v. Jerome, 2 Cir., 1942, 130 F.2d 514, 519, reversed on other grounds, 1943, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640; Mullican v. United States, 5 Cir., 1958, 252 F.2d 398, 403–404, 70 A.L.R.2d 1217; Boydston v. Wilson, 9 Cir., 1966, 365 F.2d 238, 241; Laws v. United States, 10 Cir., 1967, 386 F.2d 816, 817, cert. denied, 1968, 390 U.S. 1007, 88 S.Ct. 1252, 20 L.Ed.2d 107.

Affirmed.