UNITED STATES of America ex rel.
Norbert DERENGOWSKI,
Petitioner-Appellant,

v.

UNITED STATES ATTORNEY GENER-
AL and Director, Bureau of Prisons,
Respondent-Appellees.

No. 71-1445.

United States Court of Appeals,
Eighth Circuit.

April 3, 1972.

Gary Eldredge, Asst. Federal Public Defender, W. D. Mo., Kansas City, Mo., for petitioner-appellant.

Thorwald H. Anderson, Jr., Asst. U. S. Atty., Robert G. Renner, U. S. Atty., Stephen G. Palmer, Asst. U. S. Atty., D. Minn., Minneapolis, Minn., for respondent-appellees.

Before BREITENSTEIN, Senior Circuit Judge,* and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Derengowski appeals an order of Judge Larson below denying him credit of either 338 days, 309 days or, as he now seeks on appeal, 572 days credit toward service of a federal sentence imposed upon his conviction for attempted escape in violation of 18 U.S.C. § 751.

The facts underlying this appeal are fully reported at 404 F.2d 778 (CA8 1968) and 377 F.2d 223 (CA8 1967), and will not be restated.

Appellant was delivered to federal officials in 1966 pursuant to a writ of *habeas corpus ad prosequendum* to await disposition of a federal charge for breaking and entering a post office (18 U.S.C. §§ 2115, 1361 and 371). He later attempted to escape this custody and was indicted for such offense on March 1, 1967. On November 29, 1967, he was convicted and returned to Illinois authorities on January 3, 1968 for completion of the service of his state sentence. On June 30, 1970, appellant was paroled by Illinois on his state sentence. He was immediately taken into custody by the United States Marshal who took appellant to the Federal Medical Center at Springfield, Missouri on July 26, 1970 for service of his federal sentence on the escape charge. Judge Larson held that appellant commenced service of his federal sentence when he was released from state custody to the United States Marshal on June 30, 1970 and that appellant was not entitled to credit on his federal sentence for time spent in temporary federal custody pursuant to the writ of habeas corpus ad prosequendum and for which he received credit toward his state sentence. We agree.

Throughout this time period appellant continued to serve his state-imposed sen-

---

* Of the Tenth Circuit, sitting by special designation.

tence and Illinois allowed him credit for those days toward service of the state sentence. To allow credit for any of this time would result in appellant receiving double credit for this period. Jefferson v. United States, 389 F.2d 385 (CA2 1968). See Howard v. United States, 420 F.2d 478 (CA5 1970) and Rodriguez v. United States, 405 F.2d 857 (CA5 1969). Congress, in amending 18 U.S.C. § 3568, could not have intended that credit be given toward a federal sentence under such circumstances.

The judgment of the District Court is affirmed.