IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DYSHEE PIERRE | § | |
| | § | No. 254, 2019 |
| Defendant Below, | § | |
| Appellant | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. Id No: K1810010431 |
| STATE OF DELAWARE | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 4, 2019
Decided: February 18, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

This 18th day of February, 2020, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     In 2005, Dyshee Pierre was convicted of unlawful sexual contact in the third degree, a misdemeanor, and was ordered to register as a Tier I sex offender.

(2)     On October 2, 2018—more than thirteen years after his initial registration—Pierre re-registered, changing his residential address from a Newark, Delaware address to a Dover address and his registered employer from a Wilmington moving-and-storage company to a Newark company named Mawuli Logistics.[1]

---

[1] App. to Opening Br. at A86–89.  Pierre's most recent annual registration was less than five months earlier.  *Id.* at A83–85.

(3)     Less than two weeks later, on October 15, 2018, Pierre re-registered again, changing his residential and mailing addresses but leaving Mawuli Logistics as his registered employer.[2]

(4)     In response to the October 2 re-registration, a Delaware State Police ("DSP") officer assigned to the DSP's Sex Offender Apprehension and Registration ("S.O.A.R.") unit contacted Anthony Sorkpah, the owner of Mawuli Logistics, to confirm Pierre's claim that he was employed there as a commercial truck driver. Sorkpah confirmed that Pierre had worked at Mawuli for a couple of months in late 2017 and early 2018, but that Pierre had been laid off on January 17, 2018.

(5)     As would be disclosed at trial, Pierre had labored under the misunderstanding, based on a discussion he had with Sorkpah in September 2018, that he had been rehired as an independent contractor to drive a truck for Mawuli. According to Pierre, Sorkpah had given him the keys to one of Mawuli's trucks but when Pierre test-drove the truck, he discovered a mechanical problem. Thus, when he re-registered in October, Pierre believed that he was employed but "wait[ing] for the truck to get fixed."[3]

(6)     The S.O.A.R. officer's conversation with Sorkpah occurred on October 19, 2018. On that same date, the officer secured an arrest warrant and arrested Pierre

---

[2] *Id*. at A90.
[3] *Id*. at A21.

for "fail[ing] to comply with any provision of [11 *Del. C.*] Section 4121,"[4] a class G felony.

(7)     In February of 2019, a grand jury indicted Pierre on one count of failure to properly report as a registered sex offender, a felony, in violation of 11 *Del. C.* § 4120.   More specifically, the indictment alleged that Pierre "did knowingly and recklessly fail to re-register [under 11 *Del. C.* § 4120] by failing to provide adequate verification of his place of employment or study to the proper authorities within 3 days of the changes of offender's own name, residence address[,] or place of employment or study."[5]

(8)     Pierre waived his right to trial by jury and, in the bench trial that followed, the Superior Court heard the testimony of the S.O.A.R. officer, Sorkpah, and Pierre.   Consistent with what he had told the S.O.A.R. officer in October 2018, Sorkpah testified that he had terminated Pierre's employment on January 17, 2018, and that was the last date on which Pierre had worked at Mawuli Logistics.   Pierre acknowledged that he had been laid off in January but also described his subsequent interactions with Sorkpah that led him to believe that he had been rehired in October.

(9)     After considering the evidence, the Superior Court found "that the State ha[d] proven beyond a reasonable doubt that on or about the date and in the place

---

[4] Ex. A to October 19, 2018 Adult Complaint and Warrant in *State of Delaware v. Dyshee Pierre*, Del. Justice of the Peace Ct., Case No. 18-10-010431.
[5] App. to Opening Br. at A05.

3

alleged in the indictment the defendant, Dyshee Pierre, knowingly or recklessly failed to register pursuant to 11 *Del. C.* §4120 by failing to provide adequate verification of his place of employment to the proper authorities within three days of the change of that place of employment."[6] The court sentenced Pierre to one year in prison suspended for probation, and Pierre appealed.

(10) Pierre raises two issues on appeal. First, he argues that the indictment is fatally defective because it does not allege a criminal offense, in particular because the statute under which he was charged—11 *Del. C.* § 4120—does not create a duty to provide adequate verification of a sex offender's place of employment when re-registering because of a change in employment status. Second, Pierre argues that, assuming *arguendo* that the statute requires verification of a reporting person's place of employment, the evidence at trial was insufficient to warrant his conviction.

(11) Under 11 *Del. C.* §4120(g), a person who is required to register as a Tier I sex offender must verify every year that the person continues to reside at the address provided at the time of the initial registration.

(12) Under 11 *Del. C.* 4120 (f)(1), "[a]ny sex offender who is required to register [under § 4120] who thereafter changes the sex offender's name, residence address[,] or place of employment and/or study shall re-register with the Delaware State Police by appearing in person within 3 business days of the change. The sex

---

[6] *Id.* at A30.

4

offender shall be required to provide adequate verification of *residence* at the stated address."[7] The State concedes that there is no requirement under 11 *Del. C.* § 4120 that the reporting sex offender provide adequate verification of the offender's *employment.*[8]

(13) The State contends that Pierre waived his claim that the indictment is defective because he did not raise it in the Superior Court. But Superior Court Criminal Rule 12 (b)(2) provides that a defense or objection to an indictment on the grounds that it fails to charge an offense "shall be noticed by the court at any time during the pendency of the proceedings."[9]

(14) The State seeks to avoid the obvious defect in the indictment—the allegation that Pierre did not provide adequate verification of his place of employment—by arguing that the allegation of employment should be ignored as surplusage and that the indictment's reference to the statute is sufficient to put Pierre on notice of the charge against him. We reject this contention.[10]

---

[7] 11 *Del. C.* 4120 (f)(1) (emphasis added).
[8] When asked at oral argument whether the statute required verification of employment, the Deputy Attorney General responded "I don't think you have to provide verification but you have to register the place of employment." Oral Argument Video at 13:00–13:08, https://courts.delaware.gov/supreme/oralarguments/download.aspx?id=3305. He reiterated this position later in the argument, stating that "I don't think the statute requires [employment verification] so I think that portion of the indictment might be surplusage . . . ." *Id.* at 15:34–15:40.
[9] Del. Super. Ct. Crim. R. 12(b)(2); *see also U.S. v. Rosa Ortiz*, 348 F.3d 33, 36 (1st Cir. 2003)(challenge to indictment for failure to charge criminal offense proper when first raised on appeal despite defendant's guilty plea).
[10] We note that 11 *Del. C.* §4120 spans six pages in the Delaware Code and contains 21 subsections, many of which have numerous subparts.

(15) The State's inability to situate Pierre's conduct within any specific prohibition found in section 4120 belies its contention that the indictment minus the offending language was sufficient notice. For instance, in its answering brief, the State asserts that "[t]he plain language of the first sentence of 11 *Del. C.* § 4102 (f)(1) was that Pierre had to notify SBI when he ceased employment in Mawell [*sic*] Logistics in January 2018."[11] But the dates of the offense charged in the indictment are in October—not January—of 2018; and none of the trial testimony or documentary exhibits touched upon Pierre's failure to act in January. Later in its answering brief, the State shifts its focus from Pierre's failure to act in January to his "falsely claiming to still be employed at Mawell [*sic*] Logistics in October 2018."[12] In our view, this lack of clarity regarding how Pierre might have violated 11 *Del. C.* § 4120 undermines the State's contention that the allegation that Pierre failed to provide adequate verification of his place of employment was mere surplusage that should be disregarded. To the contrary, that allegation was the heart of the indictment. And because it charged Pierre with failing to perform an act that the statute does not require, the indictment failed to charge an offense and is therefore void.

---

[11] Answering Br. at 8.
[12] *Id*. at 9.

6

(16)    In light of our determination that the indictment was defective, we need not—in fact, we cannot—address Pierre's challenge to the sufficiency of the evidence to support his conviction.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED and the judgment of conviction is VACATED.

BY THE COURT:

/s/*Gary F. Traynor*
Justice