**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Francis McCUE,**
**Defendant-Appellant.**

Nos. 80–5174, 80–5178.

United States Court of Appeals,
Sixth Circuit.

Feb. 23, 1981.

Certiorari Denied May 18, 1981.
See 101 S.Ct. 2334.

James A. Hensley, Dayton, Ohio (court appointed), for defendant-appellant.

James C. Cissell, U. S. Atty., Dayton, Ohio, John M. Dipuccio, Asst. U. S. Atty., Cincinnati, Ohio, for plaintiff-appellee.

Before MERRITT, BROWN and KENNEDY, Circuit Judges.

## ORDER

Appellant Richard McCue was convicted under 18 U.S.C. § 751(a) for escaping from the custody of the Attorney General. McCue admits that he escaped from a prison bus while he was being transferred from the United States penitentiary in Marion, Illinois to the United States penitentiary in Lewisburg, Pennsylvania, pursuant to a writ of habeas corpus ad testificandum issued by the United States District Court for the Middle District of Pennsylvania. McCue had been convicted earlier of a felony in a United States District Court and sentenced to the custody of the Attorney General for a term of years. McCue challenges his conviction on several grounds in this appeal, all of which we find to be without merit.

McCue first argues that the government failed to prove he was in the custody of the Attorney General at the time of his escape. He argues that he was in the custody of the United States District Court that issued the writ pursuant to which he was being transferred at the time of his escape and therefore the applicable statute provides no penalty for his precipitous departure. He further argues that this was properly a jury question.

This argument is frivolous. The D.C. Circuit has recently addressed this question and resolved it squarely against the position urged by McCue. *United States v. Bailey*, 585 F.2d 1087, 1103–04 (D.C.Cir.1978), *rev'd on other grounds*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). A prisoner who has been committed to the custody of the Attorney General by virtue of a conviction is still in the custody of the Attorney General by virtue of that conviction for the purposes of 18 U.S.C. § 751(a) when he is transferred pursuant to a writ of habeas corpus ad testificandum. This is not a factual question to be resolved by the jury. Our resolution of this question also resolves McCue's argument that his sentence was not properly imposed.

McCue raised the affirmative defense of duress as a justification for his escape. The trial court instructed the jury

that in order to establish duress as a legal excuse for escape, all four of the following conditions must exist:

1. There was an immediate threat of bodily harm to the prisoner;

2. The prisoner had no time in which to make a complaint to authorities about his danger;

3. Force or violence was not used in the escape;

4. The prisoner must intend to report immediately to proper authorities when he attains a position of safety.

McCue argues that he should not have been required to establish all four elements, particularly the last one, and takes the position the elements should have been given to the jury as guidelines only. This issue has been definitively resolved against McCue by the Supreme Court which stated in part:

> [I]n order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force.

*United States v. Bailey*, 444 U.S. 394, 412–13, 100 S.Ct. 624, 635, 62 L.Ed.2d 575 (1980).

McCue probably did not meet the first two elements of the test either. The only danger McCue testified about was the danger he feared he would be exposed to at Lewisburg and never testified that he was in immediate danger on the bus.

■ McCue's final argument is that the judge committed reversible error in his charge to the jury when he inadvertently said "convict" at a point he meant to say "acquit," which McCue claims to be plain error. After reading the charge it is obvious the complained of error was a slip of the tongue. Taken as a whole, the charge to the jury was a very favorable one to McCue. The instructions were not read verbatim but were carefully explained to the jury in non-technical language. At sev-

eral places the court emphasized that the defendant had no burden of proof. (App. 26, 27, 34, 35). This one slip of the tongue by the court does not warrant reversal of McCue's conviction.

For the reasons stated above it is Ordered that the conviction of the appellant be, and hereby is, affirmed.