**UNITED STATES of America,**

v.

**Robert WYLER, et al., Defendants.**

**No. SSS 81 Cr. 54.**

United States District Court,
S. D. New York.

Sept. 25, 1981.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, Shirah Neiman, Mary Ellen Kris, Asst. U. S. Attys., New York City, of counsel, for plaintiff.

Paul Goldberger, New York City, for defendant Robert Wyler.

## ORAL DECISION

ROBERT J. WARD, District Judge.

Defendant Robert Wyler is charged in this action under Title 18, United States Code, Section 751(a), with attempting to escape from the custody of the Attorney General. During the course of its direct case, the Government has proven that on or about January 25, 1981, Wyler attempted to escape from his confinement at the Metropolitan Correctional Center ("the MCC"), a federal detention center located in New York City. This confinement resulted from Wyler's conviction, subsequent to a trial before Judge Carter of this court, of certain violations of the federal narcotics laws.

Wyler has raised the defense of "coercion" to the attempted escape charge and seeks to present evidence to the jury that he believes would prove this defense. The Government objects to the presentation of this evidence, arguing that the defense raised by Wyler is not available here as a matter of law and hence that the proffered evidence is irrelevant to this proceeding. For the reasons hereinafter stated, the Court rules that Wyler's defense of "coercion" is unavailable here as a matter of law. The Court accordingly sustains the Government's objection to the admission of the proffered evidence, and refuses Wyler's request that the jury be instructed on the defense.

Wyler has made a detailed offer of proof with respect to the evidence that he seeks to present to prove his "coercion" defense. See transcript at 4592–4603. This evidence would consist of testimony and a letter written by Matthew Mari, an attorney, and testimony by Mr. Everisto Robinson, a corrections officer at the MCC.

Mari's testimony, as corroborated by his letter, would be as follows:

He visited Wyler at the MCC on several occasions during December 1980 and early January 1981. During the course of these visits, he noticed that Wyler's cell was extremely hot, and he observed that Wyler was extremely pale, had lost a great deal of weight, and was shaking and perspiring heavily. Wyler told Mari that he had been subjected to continual harassment and misconduct by officials at the MCC, which had culminated on January 2, 1981, when Wyler claimed to have been poisoned by ingesting tainted food. Wyler asked Mari to help him, and Mari responded by writing the letter to the Warden at the MCC (Court's Exhibit 3).

Robinson, the other witness, would testify in the following manner:

On or about December 29, 1980, Robinson entered Wyler's cell and found that the latter was quite ill and that his cell was unbearably hot. He called for medical assistance and, in the meantime, wet some blankets and placed them on the radiator in Wyler's cell in an effort to cool it down. Wyler was ultimately taken to the hospital.

█ Wyler has described his proffered defense by the label "coercion" or "duress". In the Court's view, this defense is more properly denominated by the term "necessity". Traditionally, "duress" and "coercion" refer to situations where the defendant performs the putative illegal conduct at the express will of another person, whereas "necessity" refers to a case where forces beyond the defendant's control rendered the unlawful conduct the lesser of two evils. *United States v. Bailey*, 444 U.S. 394, 409–10, 100 S.Ct. 624, 634, 62 L.Ed.2d 575 (1980). Here, Wyler has suggested not that any individual desired or ordered him to attempt to escape from the MCC, but rather that his attempt to escape was a necessary choice between two evils.

█ Whatever doubt may exist as to the proper label that should be attached to it, there is no uncertainty as to the elements of the defense of "duress" or "necessity" in an attempted escape case such as this. In or-

der to make out such a defense in this case, it must be proved that: (1) Wyler was faced with a specific threat of death or substantial bodily injury in the immediate future; (2) There was no time for a complaint to the authorities or there was a history of futile complaints that made any benefit from such complaints illusory; (3) Force or violence was not used towards prison officials or other innocent persons in the escape attempt; and (4) Wyler intended to report immediately to the proper authorities when he attained a position of safety from the immediate threat. *United States v. Boomer*, 571 F.2d 543 (10th Cir.), cert. denied, 436 U.S. 911, 98 S.Ct. 2250, 56 L.Ed.2d 411 (1978); accord, *United States v. Howard*, 654 F.2d 522 at 527 (8th Cir. 1981); *United States v. McCue*, 643 F.2d 394, 395–96 (6th Cir.), cert. denied, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981); *United States v. Trapnell*, 638 F.2d 1016, 1030–31 (7th Cir. 1980). See also *United States v. Bailey*, supra, 444 U.S. at 409–15, 100 S.Ct. at 634–637.

■ Under this test, Wyler's offer of proof is clearly insufficient to entitle him to present evidence on the defense of duress or necessity, or to have the jury instructed on this defense. The only prong of the four-part test for this defense that that is even arguably implicated by Wyler's offer of proof is the first requirement. The Court does not believe such evidence as Wyler has proffered is sufficient to raise a jury question even on this prong of the test. Even if this evidence were sufficient to permit a jury to find that Wyler was faced with a specific threat of death or substantial bodily injury in the immediate future, Wyler's offer of proof utterly fails to set forth any evidence from which the jury could find the other three elements necessary to make out the defense.

As regards the second requirement, there is nothing in Wyler's offer of proof from which the jury could find that Wyler had no time to complain to the authorities or that such a complaint would inevitably be fruitless; indeed, Wyler's offer of proof shows, by the fact that Wyler asked Mari to communicate with the prison authorities, that in Wyler's mind there was indeed time for and purpose in a complaint to the authorities. With respect to the third requirement, Wyler's counsel has conceded that force was used to effect the escape, and the record is replete with evidence that force was used. Turning finally to the fourth requirement, there is nothing in Wyler's offer of proof from which the jury could find that Wyler intended to turn himself in to the authorities after effecting his escape; indeed, the only evidence in the record on this point is that Wyler intended to go to Canada if he succeeded in breaking out of the MCC.

Accordingly, the Court rules that Wyler's defense of "coercion" or "duress" is unavailable here as a matter of law. On this basis the Court sustains the Government's objection to the admission of the evidence proffered in support of this defense, and refuses Wyler's request that the jury be instructed on this defense.

It is so ordered.