**Connie Joan RAY, Petitioner,**

v.

**UNITED STATES of America, et al., Respondents.**

Civ. A. No. 2:85–0597.

United States District Court,
S.D. West Virginia,
Charleston Division.

May 24, 1985.

Connie Joan Ray, pro se.

Marye L. Wright, U.S. Atty., Charleston, W.Va., for respondent.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Petitioner, Connie Joan Ray, has filed this action pursuant to 28 U.S.C. § 2255 seeking to vacate her conviction and sentence for escape in violation of 18 U.S.C. § 751(a). The Petitioner is proceeding *pro se* and also moves the Court for leave to proceed *in forma pauperis*.

### I. *Petitioner's Financial Status*

 After having carefully considered the financial affidavit filed by Petitioner in support of her motion for leave to proceed *in forma pauperis*, the Court finds that the Petitioner is an indigent within the context of 28 U.S.C. § 1915(a) and, therefore, grants Petitioner's motion for leave of Court to proceed *in forma pauperis*. The

Clerk is directed to file Petitioner's action without requiring prepayment of fees.

## II. *Petitioner's Allegations*

On July 14, 1983, Petitioner was serving multiple one to ten year sentences upon convictions in the Circuit Court of Lewis County, West Virginia. Pursuant to a contractual agreement between the State of West Virginia and the United States Bureau of Prisons Petitioner was serving her sentences at the Federal Correctional Institution at Alderson, West Virginia. On July 14, 1983, Petitioner escaped from F.C.I. Alderson, which escape resulted in her being named in a one-count indictment alleging a violation of 18 U.S.C. § 751(a). Petitioner entered a plea of guilty to the single-count indictment on October 3, 1983, and on that date was sentenced to a term of imprisonment of one year, which period of incarceration was to run consecutively with Petitioner's state sentences.

▮ Petitioner contends in support of her motion to vacate that she could not be convicted for an offense under Section 751(a) because at the time of the escape she was not in the custody of the Attorney General as required by that statute; Petitioner argues that, although she was incarcerated at F.C.I. Alderson, she was "a ward of the State of West Virginia." The three cases Petitioner relies on in support of her argument, *Williams v. U.S.*, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946), *U.S. v. Butler*, 541 F.2d 730 (8th Cir.1976) and *U.S. v. Howard*, 654 F.2d 522 (8th Cir.1981) *cert. denied* 454 U.S. 944, 102 S.Ct. 484, 70 L.Ed.2d 253 (1981), are inapposite in that each involved application of the Assimilative Crimes Act, 18 U.S.C. § 13. For example, in *Howard,* the most factually similar of the three cases, the Defendant was convicted under the Assimilative Crimes Act for escaping from *state* custody pursuant to a *state* conviction. 654 F.2d at 523–24. The minimum security correctional facility from which Howard escaped was

on a federal Indian reservation thereby giving rise to federal jurisdiction over the escape under the Assimilative Crimes Act. *Howard* did not involve a situation where a defendant convicted in state court was placed in the custody of the Attorney General for incarceration. The Eighth Circuit's opinion itself distinguishes the *Williams* and *Butler* cases, which have no bearing whatsoever to the instant case. *See* 654 F.2d at 524–25.

The Court finds its rule of decision in this case from the statute itself. Section 751(a) provides:

> "Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, *or from any institution or facility in which he is confined by direction of the Attorney General,* or from any custody under or by virtue of any process issued under laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall [be guilty of an offense against the United States]." (emphasis added)

As the language of the statute makes abundantly clear, Section 751(a) does *not* require that the escapee be confined pursuant to a federal conviction, only that the escapee be in the "custody of the Attorney General". There can be no serious question that while incarcerated at F.C.I. Alderson Petitioner was in the "custody of the Attorney General", the contract between the State of West Virginia and the Bureau of Prisons specifies as much. Paragraph No. 1 of that contract states that "The Government[1] will undertake the *custody,* care and treatment ... of State prisoners committed to the Federal institution." (emphasis added)

▮ That Petitioner was in the custody of the Attorney General at the time of her escape from F.C.I. Alderson is also conclusively demonstrated by a reading of the

---

1. Government is defined in unnumbered paragraph 1 of the contract to be "Government of the United States".

statute which authorizes the Attorney General to contract for the incarceration of state prisoners, 18 U.S.C. § 5003. Section 5003(c) provides as follows:

> "Unless otherwise specifically provided in the contract, a person committed to the Attorney General hereunder shall be subject to all the provisions of law and regulations applicable to persons committed for violations of laws of the United States not inconsistent with the sentence imposed."

The contract between the Attorney General and the State of West Virginia contains no language modifying the import of § 5003(c). Rather, to the contrary, Paragraph 6 of the contract specifically incorporates the requirements of the above-quoted statute:

> "6. State prisoners while in the custody of the Government shall be subject to all the provisions of law and regulations applicable to persons committed for violations of laws of the United States not inconsistent with the sentence imposed."

Clearly then, by operation of Section 5003(c) and Paragraph 6 of the contract Petitioner was subject to the strictures of Section 751(a) while incarcerated at F.C.I. Alderson.

### III. *Conclusion*

For the reasons discussed above, the Court concludes that Petitioner was in the custody of the Attorney General and subject to the provisions of 18 U.S.C. § 751(a) while incarcerated at F.C.I. Alderson, West Virginia. Petitioner's conviction and sentence for her violation of Section 751(a) are, therefore, valid and the Court hereby denies her motion to vacate or set aside same. Accordingly, the Court ORDERS that Petitioner's petition pursuant to 28 U.S.C. § 2255 is hereby dismissed pursuant to *Rule* 4(b) of the Rules Governing Section 2255 Proceedings in United States District Courts.[2]

**2.** *Rule* 4(b) provides in pertinent part that "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to the Petitioner and to counsel of record.

relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." *See also Carvell v. U.S.,* 173 F.2d 348–49 (4th Cir.1949).