**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Leslie DEPEW, Defendant–**
**Appellant.**

**No. 91–5170.**

United States Court of Appeals,
Tenth Circuit.

Oct. 21, 1992.

Neal B. Kirkpatrick, Asst. U.S. Atty., Tulsa, Okl. (Tony M. Graham, U.S. Atty., with him on the brief), for plaintiff-appellee.

Richard D. White, Jr., of White & Reno, Tulsa, Okl., for defendant-appellant.

Before SEYMOUR and MOORE, Circuit Judges, and KELLY, District Judge.[*]

PATRICK F. KELLY, Jr., Chief District Judge.

John Leslie Depew appeals his conviction of attempted escape from custody in violation of the federal escape statute, 18 U.S.C. § 751(a). Depew was convicted of one count of attempted escape in a jury trial held before the United States District Court for the Northern District of Oklahoma. Depew argues that he did not attempt to escape, and that in any event, he was not in federal custody at the time of the alleged escape.

In May, 1991, Depew was convicted of two counts of bank robbery in the Western District of Oklahoma. After his conviction, Depew was held in the Oklahoma County Jail as a federal prisoner awaiting transport to a federal correctional facility. While Depew was in custody there, federal officials were served with a writ of habeas corpus ad prosequendum issued by the state circuit court in Washington County, Oklahoma to deliver Depew into the custody of the Washington County Sheriff.

At the same time, federal officers learned that Depew had obtained a handcuff key and had plans to attempt an escape from the Washington County Jail. On May 16, a Washington County sheriff's deputy, driving a 1991 Chevrolet S10 Blazer, removed Depew from the jail for transportation to Washington County. During this trip, Depew was accompanied by an undercover deputy United States marshal posing as a fellow prisoner.

During the trip, Depew signaled to the marshal his intention to escape. Taking his left hand, he made a running motion along the leg of his pants. When the marshal indicated he did not understand, Depew repeated the gesture, and mouthed the word "escape". The marshal then nodded in agreement: yes, he wanted to escape.

Depew then removed a handcuff key from his pants. Concealing the key behind a pack of Camel cigarettes, Depew attempted to open the handcuffs. He tried this four or five times with his left hand. Switching hands, he tried several additional times to unlock the handcuffs with his right hand.

Depew, having no success with either hand, eventually ceased trying to open the handcuffs. Depew's handcuffs were of an uncommon design which could not be opened by the key alone. The trip to Washington County then continued without further incident. Depew was arrested on charges of escape several days later.

Depew contends that he was not in federal custody at the time of his attempted escape. Accordingly, he argues, his conviction for violation of 18 U.S.C. § 751 cannot stand, since federal custody is an essential element of the crime.

18 U.S.C. § 751(a) provides:

Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both.

Section 751 was not intended by Congress to apply to persons who merely escape from state custody. Instead, the statute applies only to "those escapees who were originally confined or in custody under federal law in the sense that they were held in the custody of the Attorney General or in custody by an order or process issued under the laws of the United States by a competent court or official." *United*

---

[*] The Honorable Patrick F. Kelly, Chief Judge for the District of Kansas, sitting by designation.

States v. Howard, 654 F.2d 522, 525 (8th Cir.), cert. denied, 454 U.S. 944, 102 S.Ct. 484, 70 L.Ed.2d 253 (1981). "Custody", as used in the escape statute, does not require direct physical restraint. United States v. Keller, 912 F.2d 1058 (9th Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991). Custody may be minimal and, indeed, may be constructive. United States v. Cluck, 542 F.2d 728 (8th Cir.), cert. denied, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 597 (1976).

■ A number of courts have found a violation of § 751 in a wide range of circumstances beyond that presented by the direct escape from a federal prison. The federal escape statute has thus been found to apply, on the one hand, to a person serving a state prison sentence at a federal correctional institution, Ray v. United States, 609 F.Supp. 302 (S.D.W.Va.1985), and on the other hand, to a person who serves a federal prison sentence in a state penitentiary under the direction of the Attorney General. United States v. Eaglin, 571 F.2d 1069, 1073 (9th Cir.1977), cert. denied, 435 U.S. 906, 98 S.Ct. 1453, 55 L.Ed.2d 497 (1978).

In United States v. McCue, 643 F.2d 394 (6th Cir.), cert. denied, 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981), the defendant had been convicted of a felony and was serving time in a federal prison in Illinois. The defendant was subsequently transferred to a federal penitentiary in Pennsylvania under a writ of habeas corpus ad testificandum issued by the United States District Court for the Middle District of Pennsylvania. While on the bus to Pennsylvania, he escaped. After his apprehension and conviction, the defendant argued on appeal that at the time of his escape he was not in the custody of the Attorney General, but that of the district court which had issued the writ: an argument the Sixth Circuit found frivolous. The court stated, "A prisoner who has been committed to the custody of the Attorney General by virtue of a conviction is still in the custody of the Attorney General by virtue of that conviction for the purposes of 18 U.S.C. § 751(a) when he is trans-

ferred pursuant to a writ of habeas corpus ad testificandum." 643 F.2d at 395 (citing United States v. Bailey, 585 F.2d 1087, 1103–04 (D.C.Cir.1978), rev'd on other grounds, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980)).

A situation similar to the present case arose in United States v. Stead, 528 F.2d 257 (8th Cir.1975), cert. denied, 425 U.S. 953, 96 S.Ct. 1730, 48 L.Ed.2d 197 (1976). In that case, the defendant was initially serving time in a federal penitentiary. He was then removed to county jail under a state circuit court writ of habeas corpus ad testificandum. At the county jail, the prisoner had been designated a "Federal Prisoner Awaiting Transportation" back to federal prison. The defendant escaped from the county jail, and was recaptured several days later. The Eighth Circuit upheld the defendant's conviction for violating 18 U.S.C. § 751. 528 F.2d at 258–59.

The present case actually reflects a much stronger case for a finding of federal custody than either McCue or Stead. In the present case, Depew was not only a federal prisoner who was due to be returned to serve time in a federal penitentiary, he was also in the direct physical presence and contact with a federal law enforcement officer. Given the facts of the present case, there was no error in concluding that Depew was in federal custody at the time of his attempted escape.

■ Finally, Depew also argues that the conviction cannot stand since he never in fact attempted to escape. According to Depew, he merely had the "desire" to escape. He notes that at one point during the drive from Oklahoma County to Washington County, the deputy sheriff had stopped the vehicle and, unlocking Depew's handcuffs, allowed him to use the bathroom; and though he was unescorted, Depew did not try to escape at that time.

This event, however, occurred prior to Depew's attempt to free himself from the handcuffs. Depew still retained the hope or expectation that he could use the key to free himself from the handcuffs. The uncontroverted testimony at trial established that Depew's affection for freedom did not

remain a mere desire. Depew solicited the undercover officer's assistance in the planned escape. He then attempted to achieve his freedom by trying, repeatedly, to open his handcuffs. Only when his persistent efforts proved fruitless did Depew cease his attempts.

AFFIRMED.