9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bryant C. HARDWICK, Defendant-Appellant.
 No. 92-3808.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 4, 1993.
Decided Oct. 5, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied Dec. 29, 1993.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted defendant Bryant Hardwick of various crimes, including two counts of carrying a weapon in the commission of a violent crime in violation of 18 U.S.C. Sec. 924(c)(1). Hardwick's only contention on appeal is that the trial court committed plain error when it incorrectly instructed the jury on the element of knowledge.
 
 
 2
 The trial transcript indicates[1] that at the close of evidence the district court orally instructed the jury:
 
 
 3
 Now, knowledge has been proved by the defendant's conduct or by all the facts and the circumstances surrounding the case.
 
 
 4
 In contrast, the printed jury instruction correctly stated: "Now knowledge may be proved by the defendant's conduct or by all the facts and the circumstances surrounding the case." (Emphasis added.)
 
 
 5
 Hardwick argues that the oral instruction effectively directed the jury that it must find the element of knowledge had been proven beyond a reasonable doubt.
 
 
 6
 Because Hardwick did not object at trial, he waived the issue for review, Fed.R.Crim.P. 30, and may succeed on appeal only if the court committed plain error. Fed.R.Crim.P. 52(b). Conceding that "it is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court," Henderson v. Kibbe, 431 U.S. 145, 154 (1977), Hardwick nevertheless maintains that this is a rare case.
 
 
 7
 We disagree. The district court's error was merely a slip of the tongue. In United States v. Gardner, we found no plain error where trial judge inadvertently instructed the jury that it "should"--instead of "may"--disregard the defendant's confession if it found it to be involuntary. We explained, "The policy reasons for requiring trial errors to be brought to the attention of the trial judge are never stronger than when the error is a completely unintentional slip of the tongue.' The misstatement by the trial court would have been easily curable...." United States v. Gardner, 516 F.2d 334, 346 (7th Cir.), cert. denied, 423 U.S. 861 (1975), quoting United States v. VanDrunen, 501 F.2d 1393, 1395 (7th Cir.), cert. denied, 419 U.S. 1091 (1974).
 
 
 8
 Furthermore, the trial judge here "permitted the jury to take a copy of the instructions (in which the error did not appear) with them when they retired to deliberate, thus reducing the likelihood that a casual mistake could have had an improper effect." United States v. Gold, 743 F.2d 800, 822 (11th Cir.1984) (harmless error where transcript shows trial judge inadvertently orally instructed jury that it was not necessary to find beyond a reasonable doubt that the crime was committed knowingly; written jury instruction was correct), cert. denied, 469 U.S. 1217 (1985). If the jury had any questions, "they had correct answers at their elbows." Gacy v. Welborn, 994 F.2d 305, 308 (7th Cir.1993), petition for cert. filed, --- U.S.L.W. ---- (U.S. Aug. 5, 1993) (No. 93-5558). Moreover, the slip here occurred in the context of a lengthy and, insofar as appears, otherwise accurate and complete charge to the jury. Gacy, 994 F.2d at 308.[2] See also, United States v. Hanley, 974 F.2d 14, 19 (4th Cir.1992) (no plain error where trial judge inadvertently omitted word "not" from the phrase "if a reasonable doubt exists in your mind ... then it will be your duty to find the defendant [not] guilty"); Wood v. Marshall, 790 F.2d 548 (6th Cir.1986) (affirming denial of habeas petition; although trial judge gave contradictory oral instructions, written instruction correctly stated burdens on insanity defense), cert. denied, 479 U.S. 1036 (1987); United States v. McCue, 643 F.2d 394, 396 (6th Cir.) (no plain error where judge inadvertently said "convict" instead of "acquit" in reading jury instructions), cert. denied, 451 U.S. 992 (1981); United States v. Cleveland, 590 F.2d 24, 30 (1st Cir.1978) (court's misstatement patently not plain error).
 
 
 9
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The parties agree that the court reporter may have erred in transcribing the court's reading of the instructions. Trial courts are well advised to back up transcribed records of proceedings with audio tape recordings, although of course no method is fail-safe. See, e.g., United States v. Preciado-Cordobas, 981 F.2d 1206, 1209 (11th Cir.1993) (court reporter could not transcribe closing arguments because of defective ribbon in stenotype machine; and tape recording that was supposed to function as back-up either could not be found or was unintelligible)
 
 
 [2]
 Hardwick relies on Sullivan v. Louisiana, 113 S.Ct. 2078 (1993), but that case did not involve an inadvertent error in orally reciting an instruction and a conflicting written instruction. Instead, in Sullivan the trial court gave a definition of reasonable doubt that was identical to one previously held unconstitutional