[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 09-15999

———————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00133-CR-VEH-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONZELL DEMETRIC GOWDY,
a.k.a. Alonzo Smith,
a.k.a. Zell,
a.k.a. Zo,

Defendant-Appellant.

———————

Appeal from the United States District Court
for the Northern District of Alabama

———————

(December 27, 2010)

Before DUBINA, Chief Judge, ANDERSON, Circuit Judge, and MOODY,[*]
District Judge.

---

[*]Honorable James S. Moody, Jr., United States District Judge for the Middle District of
Florida, sitting by designation.

DUBINA, Chief Judge:

Appellant Lonzell Demetric Gowdy appeals his conviction for escaping from federal custody in violation of 18 U.S.C. § 751(a). Gowdy contends that his failure to turn himself in following his mistaken release from Alabama state custody was not an escape from custody, as required by § 751(a), because he was not in federal custody. We disagree and affirm his conviction.

## I.

Gowdy was in the custody of the State of Mississippi, but was transported, pursuant to a writ of habeas corpus, to the Northern District of Alabama, where the federal district court convicted and sentenced him on federal drug charges. The Northern District of Alabama returned Gowdy to the custody of the State of Mississippi with a federal detainer against him. The State of Mississippi received the federal detainer, but then lost it and released Gowdy on a detainer issued by the State of Alabama because of pending charges in that state. The State of Alabama never received the federal detainer and released Gowdy after he served his Alabama sentence. The parties stipulated that but for the fact that the State of Mississippi lost the federal detainer, the State of Alabama would have returned Gowdy to federal authorities following the expiration of his Alabama sentence.

2

Once federal officials realized the mistake, a bench warrant was issued for Gowdy's arrest. Walter Shipp, the United States Deputy Marshal assigned to the case, contacted Gowdy, informed him that he still owed time on his federal conviction, and instructed him to report to Birmingham, Alabama, to commence serving his federal sentence. Gowdy agreed, but indicated that he needed to make arrangements for his minor daughter, who was in his custody. Gowdy did not turn himself in as promised, but instead left Alabama for Mississippi. Several months later, Shipp discovered Gowdy's whereabouts and arrested Gowdy.

## II.

A grand jury indicted Gowdy on one count of escaping federal custody in violation of 18 U.S.C. § 751(a). At trial, Gowdy did not put on a defense, but argued in motions brought pursuant to Federal Rule of Criminal Procedure 29 that he was never in federal custody and therefore could not be convicted under § 751(a). The government argued that he was in constructive custody by virtue of his federal drug conviction. The district court denied the motions and sent the case to the jury, which found Gowdy guilty. Gowdy then filed another motion for acquittal, which the district court also denied.

Gowdy appeals his conviction and argues that throughout his state custody, until and after his release, he was not in federal custody under § 751(a). Gowdy

3

contends that the government failed to prove that he was in any custody other than that of the State of Mississippi and then the State of Alabama. Accordingly, he requests that his conviction be reversed.

### III.

We review the sufficiency of the evidence *de novo*, viewing the evidence and all reasonable inferences in favor of the government and the jury's verdict. *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005). A conviction must be affirmed unless, under no reasonable construction of the evidence, could the jury have found the appellant guilty beyond a reasonable doubt. *Id*.

Section 751(a) provides in relevant part:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both . . . .

18 U.S.C. § 751(a) (1994). Thus, in order to establish the custodial element of the offense, the government must demonstrate that one of the following was true of the defendant at the time of his escape: (1) he was in the custody of the Attorney

4

General or an authorized representative; (2) he was confined in an institution by direction of the Attorney General; (3) he was in custody under or by virtue of any process issued under the laws of the United States by any court or judge or magistrate judge; or (4) he was in the custody of an officer or employee of the United States pursuant to a lawful arrest. *See United States v. Evans*, 159 F.3d 908, 910 (4th Cir. 1998). As other circuits have recognized, custody does not require "direct physical restraint" and may be "minimal" or "constructive." *United States v. Depew*, 977 F.2d 1412, 1414 (10th Cir. 1992) (citing *United States v. Keller*, 912 F.2d 1058, 1059 (9th Cir. 1990), and *United States v. Cluck*, 542 F.2d 728, 731 (8th Cir. 1976)).

## IV.

The Supreme Court previously discussed § 751(a)'s broad scope in the context of sentencing under the Armed Career Criminal Act (ACCA) and recognized that defendants are convicted under § 751(a) for crimes ranging from violent jailbreaks to non-violent walkaways to failures to report for incarceration or return to custody. *See Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687 (2009). In *Chambers*, the Supreme Court determined that a conviction under an Illinois escape statute for failure to report did not qualify as a crime of violence under the ACCA. *Id*. at __, 129 S. Ct. at 693. In reaching its conclusion, the

Court relied heavily on a United States Sentencing Commission Report on Federal Escape Offenses in Fiscal Years 2006 and 2007. *Id*. at __, 129 S. Ct. at 692. The report analyzed sentences under U.S. Sentencing Guideline Manual (USSG) § 2P1.1, the section applicable to federal escape crimes, and noted that during 2006 and 2007, nearly 40% of all convictions sentenced under USSG § 2P1.1 involved failures to report or return, and more than 40% involved leaving non-secure custody, while only 15% involved leaving secure custody. *Id*. at __, 129 S. Ct. at 693 & app. B. *See also United States v. Hart*, 578 F.3d 674, 681 (7th Cir. 2009) ("[O]ne can commit 'escape' under the federal statute simply by staying home on the day one is supposed to surrender.").

Likewise, our sister circuits have upheld convictions under the statute for crimes involving many circumstances beyond the jailbreak scenario. *See e.g., United States v. Sack*, 379 F.3d 1177, 1181 (10th Cir. 2004) (failure to return to halfway house); *Depew*, 977 F.2d at 1414 (escape while transported on writ to state circuit court); *United States v. Keller*, 912 F.2d 1058, 1059–60 (9th Cir. 1990) (failure to report to begin sentence); *United States v. Chapman*, 455 F.2d 746, 749–50 (5th Cir. 1972) (failure to return following a "forced" jailbreak); *Derengowski v. United States*, 404 F.2d 778, 781–82 (8th Cir. 1968) (escape from state facility while at facility on federal writ). The common theme in these cases is

the underlying purpose of § 751(a) to protect the public from the danger associated with federal criminals remaining at large. Given the statute's broad purpose, this court will not indulge Gowdy's narrow reading of the statute and will instead assign it its plain meaning. Accordingly, we hold that the custodial requirement of § 751(a) is satisfied where a lawful judgment of conviction has been issued by a court against the defendant.

Taken in the light most favorable to the government, we conclude that the evidence supports Gowdy's conviction under 18 U.S.C. § 751(a) based on his being in custody at the time of his escape by virtue of a process issued under the laws of the United States by a federal district court. The record evidence demonstrates that Gowdy was constructively in federal custody pursuant to a 2005 judgment of conviction entered by the district court in the Northern District of Alabama. Because there is no additional requirement that the defendant be physically confined in an institution at the time of the escape, we conclude that the record fully supports Gowdy's conviction for escape under § 751(a).

**AFFIRMED.**