[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10105
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00141-SCJ-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BANDELE ADEKUNLE ADENEYE,
a.k.a. Bandale I. Ade,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 13, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Bandele Adeneye appeals his 13-month total sentence imposed after he pled guilty to escape from federal custody, in violation of 18 U.S.C. § 751(a), and failure to surrender for service of a sentence, in violation of 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(ii).[1]

At Adeneye's initial sentencing, the district court refused to group the counts of conviction under U.S.S.G. § 3D1.2. However, the court varied downward from the advisory guideline range of 18 to 24 months' imprisonment, sentencing Adeneye to 13 months for each count, to be served concurrently, for a total of 13 months' imprisonment. We vacated and remanded, and instructed the district court to make clear findings as to whether grouping was appropriate under § 3D1.2(a) or (b).[2] On remand, the district court again refused to group the counts and sentenced Adeneye to a total of 13 months' imprisonment. In doing so, it clarified that it would have sentenced Adeneye to the same total sentence of 13 months even if the counts were grouped.[3] The present appeal ensued.

On appeal, Adeneye argues that the district court erred in refusing to group his counts of conviction when calculating his advisory guideline range. The government responds, inter alia, that grouping the counts would not have been

---

[1] We note that the judgment incorrectly lists the offense of conviction as to count two as 18 U.S.C. § 3146(b)(A)(ii), instead of § 3146(b)(1)(A)(ii). We point this out in case the district court wishes to correct this clerical error in the judgment; the inadvertent omission of the "(1)" does not affect the instant appeal.

[2] *United States v. Adeneye*, 585 F. App'x 982, 987 (11th Cir. 2014) (per curiam).

[3] The advisory guideline range would have been 12 to 18 months' imprisonment if the counts were grouped.

proper, as Adeneye committed two separate offenses with two separate wrongs. After consideration of the parties' briefs and review of the record on appeal, we find that, even if the district court erred in failing to group Adeneye's two counts of conviction, any error in that regard was harmless, and the 13-month sentence imposed is reasonable regardless of whether the counts are grouped. Accordingly, we affirm Adeneye's sentence.

## I.

We review the district court's refusal to group multiple counts under U.S.S.G. § 3D1.2 with due deference. *See United States v. Bradford*, 277 F.3d 1311, 1316 (11th Cir. 2002) (per curiam). Counts should be grouped together for guideline calculation purposes when they "involv[e] substantially the same harm," such as when they "involve the same victim and the same act" or "involve the same victim and two or more acts . . . connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. § 3D1.2(a)–(b). We need not decide a guidelines issue or remand for new sentencing proceedings, however, when the district court expressly states that it would have imposed the same sentence regardless of its ruling on the issue, and the sentence would have been reasonable assuming the issue was decided in the defendant's favor. *See United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

We review the reasonableness of a sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007), and we will vacate a sentence imposed by a district court only when left with a "definite and firm conviction that the district court committed a clear error of judgment," *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). The court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* § 3553(a)(2).

We have stated that, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (internal quotation marks omitted). And we have found that "[a] sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Dougherty*, 754 F.3d 1353, 1362, 1364 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1186 (2015) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

## II.

Here, we need not decide whether the district court erred in failing to group Adeneye's two counts of conviction because any error in that regard was harmless.

4

*See Keene*, 470 F.3d at 1349.  The district court imposed a total sentence below the calculated advisory guideline range and within the advisory guideline range Adeneye proposes, so harmless error analysis is appropriate.  *See United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009).  Moreover, the district court stated multiple times that it sentenced Adeneye to 13 months' imprisonment because it thought the sentence was reasonable and that it would have imposed the same sentence even if his two counts of conviction had grouped.  *See id.*; *see also Keene*, 470 F.3d at 1348–49.

Additionally, a 13-month total sentence would have been substantively reasonable even if the district court had grouped the counts of conviction.  *See Keene*, 470 F.3d at 1349–50.  The district court stated that it had considered the § 3353(a) factors and found a 13-month total sentence to be reasonable.  It did not have to lay the factors out one by one.  *See United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam) (noting that district courts do not have to conduct an accounting of every § 3553(a) factor and explain the role each played in the sentencing decision).  The court specifically addressed how it focused on deterrence, and it was within the court's discretion to give that factor greater weight.  *See Snipes*, 611 F.3d at 872 (noting that we will not "second guess the weight" accorded to a given factor (internal quotation marks omitted)); *see also* 18 U.S.C. § 3553(a)(2).

Further, the advisory guideline range would have been 12 to 18 months' imprisonment if the counts were grouped, while the advisory guideline range was 18 to 24 months with the counts not grouped.  Thus, a 13-month total sentence was within the 12-to-18-month guideline range that would have applied even if the counts had been grouped, which indicates reasonableness.  *See, e.g.*, *Snipes*, 611 F.3d at 872.  Moreover, the concurrent 13-month sentences fell far below the applicable 5-year maximum sentences, further evidencing the reasonableness of the total sentence imposed.[4]  *See Dougherty*, 754 F.3d at 1362.  Based on the foregoing, even if Adeneye's counts of conviction had been grouped, the 13-month total sentence that the court stated that it would have imposed regardless would not leave us with "the definite and firm conviction that the district court committed a clear error of judgment."  *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).  Therefore, after careful consideration of the record and the parties' arguments on appeal, we affirm the district court.

**AFFIRMED.**

---

[4] Escape from custody carries a statutory maximum of five years' imprisonment. 18 U.S.C. § 751(a).  Failure to surrender for service of a sentence for an offense punishable by imprisonment for five years or more is punishable by a maximum of five years' imprisonment. 18 U.S.C. § 3146(a)(2), (b)(1)(A)(ii).